**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 4 EAL 2024 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished** |
| v. | : | **Memorandum and Order** of the |
| | : | Superior Court at No. 2125 EDA |
| | : | 2022 entered on December 6, 2023, |
| DEVON GARNES, | : | **affirming** the Judgment of Sentence |
| | : | of the Philadelphia County Court of |
| Petitioner | : | Common Pleas at No. CP-51-CR- |
| | : | 0001301-2021 entered on July 21, |
| | : | 2022 |

## ORDER

**PER CURIAM**

    **AND NOW**, this 20th day of June, 2024, the Petition for Allowance of Appeal is **GRANTED**, the order of the Superior Court is **VACATED**, and the matter is **REMANDED** to the Superior Court for reconsideration in light of this Court's unanimous conclusion in *Commonwealth v. Jackson*, 302 A.3d 737 (Pa. 2023) (*per curiam*), that investigative detentions effectuated pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), constitutionally are limited to cases in which the totality of the circumstances demonstrate a particularized and objective basis for an officer reasonably "to suspect that the individual detained was, or was about to be, engaged in criminal activity," and are not available solely to identify victims of, or witnesses to, criminal acts. *See Jackson*, 302 A.3d at 750, 754 (OISA, Brobson, J.); 761 (OISR, Donohue, J.); 762-63 (OISR, Dougherty, J.); and 771-72 (OISR, Wecht, J.).